380 So.2d 1037 (1980)
STATE ex rel. Lonnie PRICE, Relator,
v.
Guyte P. McCORD, Jr., Chief Judge, Larry G. Smith, E.R. Mills, Jr., Robert P. Smith, Jr., Richard W. Ervin, III, Woodrow M. Melvin, Anne Booth, Judges of the District Court of Appeal of Florida, First District; Timothy Windell Sullivan; Mansur K. Stevens; and United Services Automobile Assn., Respondents.
No. 57014.
Supreme Court of Florida.
February 28, 1980.
Walter H. Beckham, Jr. and Joel D. Eaton of Podhurst, Orseck & Parks, Miami, *1038 and the Law Offices of Kerrigan, Estess & Rankin, Pensacola, for relator.
Robert P. Gaines of Beggs & Lane, Pensacola, for respondents.
PER CURIAM.
The present cause is before the Court on petition for writ of mandamus to the judges of the First District Court of Appeal.
Price was the prevailing party and the recipient of a money judgment in a personal injury suit. The defendants in the suit filed a supersedeas bond pursuant to Florida Rule of Appellate Procedure 9.310(b)(1)[1] in order to stay the judgment pending appeal. The district court affirmed the trial court and, on rehearing, indicated that its mandate would issue within fifteen days unless a motion to stay the mandate was filed. No motion was filed and the district court issued its mandate on the sixteenth day. On the same day, the appellants in the district court filed a notice, seeking certiorari review in this Court. The district court subsequently set aside its mandate and denied Price's motion for issuance of mandate. Price requests that this Court order the district court to issue its mandate.
Respondents argue that the automatic stay authorized by rule 9.310(b)(1) is intended to remain in effect both through the initial appellate review of a trial court's order in the district court of appeal, and through any subsequent discretionary review in the Supreme Court. As an alternative argument, they suggest that the district courts always have the discretion to allow a stay to remain in effect simply by refusing to issue a mandate. We must reject both suggestions. The Florida Rules of Appellate Procedure, as amplified by the committee notes thereto, do not support these views.[2]
Rule 9.310(e) provides that "[a] stay entered by a lower tribunal shall remain in effect during the pendency of all review proceedings in Florida courts until a mandate issues, ... ." (Emphasis supplied.) Rule 9.340(a) provides that "[u]nless otherwise ordered by the court or provided by these rules, the clerk shall issue such mandate or process as may be directed by the court after the expiration of 15 days from the date of an order or decision." (Emphasis supplied.) As explained in the committee notes to rule 9.310, these two rules interact, specifically providing a fifteen-day delay in which parties may seek from the district court a stay of its mandate. This interaction is further amplified in the committee notes to rule 9.120, where the requirement of essentiality is identified as the predicate for a district court's decision to grant a stay pending discretionary review in the Supreme Court.[3]
*1039 The effect of these rules is to make the decisions of the district courts of appeal presumptively final in money judgment (as well as most other) matters, subject to an applicant's showing that there is both a likelihood of success in the Supreme Court and irremediable harm by the denial of a stay pending review in that Court. Only upon such a showing will the stay entered by the trial court remain in effect to protect the applicant. See Fla.R.App.P. 9.310, Committee Notes.
In the present case, appellants did not move for a stay of mandate, nor did the court enter a stay on its own motion within the fifteen-day period. Under these circumstances, rule 9.340 makes the issuance of mandate a ministerial duty after the fifteen-day period has expired. That duty, of course, may properly be compelled by writ of mandamus.
Accordingly, Price's petition for writ of mandamus is granted. Nonetheless, as we believe the judges of the First District Court of Appeal will comply with this decision in the case of Sullivan et al. v. Price, 368 So.2d 614, we withhold our writ at this time.
It is so ordered.
ENGLAND, C.J., and BOYD, OVERTON, SUNDBERG and ALDERMAN, JJ., concur.
ADKINS, J., concurs in result only.
NOTES
[1] Fla.R.App.P. 9.310(a) and (b)(1) provide:

(a) Application. Except as provided by general law and in section (b) of this rule, a party seeking to stay a final or non-final order pending review shall file a motion in the lower tribunal, which shall have continuing jurisdiction, in its discretion, to grant, modify or deny such relief. A stay pending review may be conditioned upon the posting of a good and sufficient bond, other conditions, or both.
(b) Exceptions.
(1) Money Judgments. When the order is solely for the payment of money, a stay pending review is automatic, without the necessity of motion or order, on posting of a good and sufficient bond equal to the amount ordered to be paid, plus 15% thereof. If the liability of a party is less than the entire amount ordered to be paid, the bond required for that party shall be equal to the amount of such liability, plus 15%. Multiple parties having common liability may file a bond in the amount of the common liability, plus 15%.
[2] A different result obtained under the 1962 Florida Appellate Rules. Henderson v. Clerk and Judges of District Court of Appeal, First District, 375 So.2d 910 (Fla. 1979).
[3] The committee notes to rule 9.120 state:

It should be noted that the automatic stay provided by former Rule 4.5(c)(6) has been abolished because it encouraged the filing of frivolous petitions and was regularly abused. A stay pending review may be obtained under Rule 9.310. If a stay has been ordered pending appeal to a district court, it remains effective under Rule 9.310(e) unless the mandate issues or the district court vacates it. The Advisory Committee was of the view that the district courts should permit such stays only where essential. Factors to be considered are the likelihood that jurisdiction will be accepted by the Supreme Court, the likelihood of ultimate success on the merits, the likelihood of harm if no stay is granted and the remediable quality of any such harm.