480 So.2d 202 (1985)
Ricky Jarade PAYNE, Appellant,
v.
STATE of Florida, Appellee.
No. BA-314.
District Court of Appeal of Florida, First District.
December 19, 1985.
Michael E. Allen, Public Defender and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen. and Barbara Ann Butler, Asst. Atty. Gen., Jacksonville, for appellee.

ON MOTION FOR REHEARING
JOANOS, Judge.
Appellant's motion for rehearing is granted in part and the following opinion is substituted for the previously issued opinion which is withdrawn.
Payne appeals a judgment for armed robbery and a twenty-one year sentence imposed pursuant to the sentencing guidelines. We affirm the judgment, but remand for resentencing because the trial court retained jurisdiction for one-third of the twenty-one year guidelines sentence. As in Bradley v. State, 468 So.2d 378 (Fla. 1st DCA 1985), the trial judge's comments on the record indicate a mistaken impression as to appellant's parole eligibility. This case also involves a fairly long sentence "which the trial court may not have imposed had it known the defendant would not be eligible for parole."
We find no error by the trial judge in considering habitual offender status as a reason for departure under the guidelines, see Whitehead v. State, 467 So.2d 779 (Fla. 1st DCA 1985). We also find no error in the denial of Payne's motion to dismiss the second amended information or in the denial of the motion to suppress the pellet gun seized following a stop, the legality of which Payne challenges. We believe, however, *203 that discussion of the latter issue may be informative.
The robbery, involving the clerk of a convenience store, occurred on October 22, 1983. The stop in question, which occurred on October 26, 1983, was made by Officer Skie. At the suppression hearing Skie testified that at about five minutes before eleven p.m. on Wednesday, October 26, he observed a car with its lights off parked next to a business and two black males approaching the front of the business from the direction of the car. This took place at a small shopping center where all of the stores were closed except the convenience store, but the car was parked next to a closed laundry at the end of the shopping center farthest away from the convenience store. The car was pulled up several car lengths beyond the laundry. Skie said he thought he saw either brake lights or parking lights of the car on. He saw the two men walking past the laundry toward the convenience store. He turned his patrol car around and as he did so, he noticed one of the men going back toward the car, and he lost sight of the other man. The car began driving off hurriedly without its lights being turned on, and Officer Skie made the stop. Officer Skie also stated he associated the two black men with the parked car because the neighborhood was all white. He had no calls or BOLO (be on the look out) reports for this type of car or these suspects. There were no cars parked in the parking spaces directly in front of the convenience store, and the car in question was parked beyond the last store in the shopping center and to the side of the building. From the record there is no indication that at the time of the stop Officer Skie knew of the October 22 robbery which had occurred about one-and-a-half miles away.
The trial court denied the motion to suppress based on the position in which the car was parked  off to the side of the building rather than someplace where it could be seen, even though no cars were parked in front of the convenience store  because of the all white makeup of the neighborhood, because when the officer drove up, the men turned around and walked back towards the car and drove away without turning on the driving lights, and because a convenience store was involved, which "probably only a newly arrived Martian would not know [is] subject to probably more robberies than any other type of institution in the city."
We have examined the cases relied upon by appellant[1] to support his argument that there was not a founded suspicion for the stop, in particular the criteria set forth in State v. Stevens, 354 So.2d 1244, 1247 (Fla. 4th DCA 1978), and conclude that the trial court did not err in finding that a founded suspicion existed for the stop in this case. The judgment is AFFIRMED, and the sentence is REVERSED and REMANDED for resentencing because of the error in retaining jurisdiction.
BOOTH, C.J., and MILLS, J., concur.
NOTES
[1] Mullins v. State, 366 So.2d 1162 (Fla. 1978); Colodonato v. State, 348 So.2d 326 (Fla. 1977); Freeman v. State, 433 So.2d 9 (Fla. 2d DCA 1983); McClain v. State, 408 So.2d 721 (Fla. 1st DCA 1982); Kearse v. State, 384 So.2d 272 (Fla. 4th DCA 1980); State v. Stevens, 354 So.2d 1244 (Fla. 4th DCA 1978); Lower v. State, 348 So.2d 410 (Fla. 2d DCA 1977).