493 So.2d 1104 (1986)
Ricky Jarade PAYNE, Appellant,
v.
STATE of Florida, Appellee.
No. BN-8.
District Court of Appeal of Florida, First District.
September 11, 1986.
P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Barbara Ann Butler, Asst. Atty. Gen., Jacksonville, for appellee.
PER CURIAM.
This is an appeal from an allegedly illegal sentence imposed by the trial court after remand from this court pursuant to Payne v. State, 480 So.2d 202 (Fla. 1st DCA 1985). In Payne, appellant's conviction was affirmed, but the sentence was reversed. By filing a timely notice pursuant to Florida Rule of Appellate Procedure 9.120, Appellant sought discretionary review in the supreme court of that portion of the decision affirming his conviction His motion for stay of our mandate was denied, and he was resentenced by the trial court on April 25, 1986. On April 29, 1986, the supreme court accepted review, and ordered briefs on the merits.
The factual posture of this case came to our attention when appellant filed a motion to stay this appeal pending the outcome of the supreme court's decision. In that motion, appellant suggested that a stay was appropriate because the supreme court's decision will control the outcome of this appeal. We then ordered appellant to show cause why this appeal should not be dismissed as an appeal from an order entered in excess of the trial court's jurisdiction.
In response, appellant contends that at the time of the resentencing, there was no way to know whether the supreme court would accept jurisdiction over the case. *1105 Appellant also expresses a fear that he will be deprived of his right to review of an illegal sentence if this appeal is dismissed.
We entered an identical order directing appellant to show cause why the appeal should not be dismissed in an unrelated case involving similar circumstances, i.e. a resentencing pursuant to this court's remand occurring while review of this court's opinion was pending in the supreme court. Johnson v. State, Case No. BH-120, BH-136. Counsel in that case submitted to us a more thorough presentation in an effort to justify the viability of the appeal but, for the reasons stated in this opinion, those arguments were rejected, and that cause was dismissed by an unpublished order.
Because we find that the resentencing order was entered in excess of the trial court's jurisdiction, that order is invalid, and appellant's fear of deprivation of his right to review is unjustified. Jurisdiction of the subject matter of an appeal vests in the reviewing court upon the filing of the notice. Lelekis v. Liles, 240 So.2d 478 (Fla. 1970). The test for determining whether the trial court may proceed is not whether it is proceeding in a matter which is related to the final judgment, but whether it is proceeding in a matter which affects the subject matter on appeal. Bailey v. Bailey, 392 So.2d 49 (Fla. 3rd DCA 1981).
In this case, it is clear that the subject matter of the decision being reviewed in the supreme court affects, or could be affected by, the decision on appellant's sentence. Obviously, if the Supreme court reverses this court's affirmance of appellant's conviction, such reversal will necessarily require resentencing. Thus, the test for determining whether the subject matter of the proceeding below was usurped by the pendency of the case in a reviewing court is met.
Appellant's response implies that the supreme court does not acquire jurisdiction over a case until it determines to review the case on the merits. However, Rule 9.120 provides that jurisdiction of the supreme court "shall be invoked by filing two copies of a notice" with the clerk of the district court. This language is identical to that found in Rule 9.110, which has been construed as vesting jurisdiction in the appellate court upon the filing of the notice. Lelekis. We see no reason to distinguish between a notice of appeal which seeks review as a matter of right pursuant to Rule 9.110, and a notice that discretionary review is sought pursuant to Rule 9.120. In either case, the disposition by the reviewing court may, or may not, alter the decision of the lower court. Once the notice was filed, jurisdiction vested in the supreme court, and neither this court nor the trial court has jurisdiction to proceed.
This appeal is therefore dismissed.
SHIVERS, WIGGINTON and NIMMONS, JJ., concur.