## GARCIA v STATE OF FLORIDA
### Case No. CJAP 89-21
Ninth Judicial Circuit, Orange County
May 19, 1989

#### APPEARANCES OF COUNSEL

Office of the Public Defender, for appellant.
Office of the State Attorney, for appellee.

#### OPINION OF THE COURT

TED P. COLEMAN, Circuit Judge.

The Court dispenses with oral argument herein pursuant to Fla.R.App.P. 9.320.

The appellant seeks review of the order of the trial court denying his motion to suppress and motion in limine arising from what appellant alleges was an unlawful stop.

The appellant was observed by police driving slowly through a residential area at 9:00 p.m. He was seen driving down the same street several times.

The appellee argues that the officer observing this conduct had a reasonable suspicion to make a *Terry* stop. In support of this position the appellee cites *Payne v State,* 480 So.2d 202 (Fla. 1st DCA 1985),

where a defendant was observed parked near a convenience store, with his lights off, at 11:00 p.m., when no store in the area was still open except the convenience store. Also cited is *Tamer v State,* 484 So.2d 583 (Fla. 1986), where the defendant drove his station wagon with an open tailgate into the parking lot of a medical plaza at 1:05 a.m., when all the medical offices were closed. He was seen leaving the parking lot, driving to another lot across the street, and squealing his tires while making a U-turn.

The facts in the instant case much more closely resemble those in the recent case cited by the appellant, *Monroe v State,* 14 FLW 1047 (Fla. 5th DCA 1989). This court does .not find that there was a reasonable suspicion that the appellee was engaged in, or about to be engaged in, any criminal conduct.

Accordingly, the oral order of the trial court denying the motion to suppress and the motion in limine, and the judgment and disposition, are hereby reversed. This cause is remanded to the trial court for proceedings consistent with this opinion.

Motions for rehearing will not be entertained. The Clerk is directed to issue its Mandate forthwith.

DONE AND ORDERED in Chambers at Orlando, Orange County, Florida, this 19th day of May, 1989.