PER CURIAM.
George W. Eager and Calusa Camp Resort appeal the entry of a final order dismissing their application for attorney’s fees as untimely. We reverse the order under review upon our finding that the application was timely filed.
Florida Keys Aqueduct Authority sought system development fees from appellants, George W. Eager and Calusa Camp Resort. Following an administrative hearing, an order was issued in the Authority’s favor. This court reversed that decision and filed an opinion, July 29,1991, finding no system development fees could be collected. Eager v. Florida Keys Aqueduct Auth., 580 So.2d 771 (Fla. 3d DCA), review denied, 591 So.2d 181 (Fla.1991). Appellants claim the mandate making them the prevailing parties was received by counsel July 30, 1991, and their application for attorney’s fees as the prevailing parties filed September 26, 1991 was therefore timely. The Florida Division of Administrative Hearings acknowledged receipt of the application September 30, 1991. The Division treated the application as a new case and assigned a new case number. Thereafter, the Authority requested dismissal of the application for attorney’s fees as untimely. Subsequently, a hearing officer entered a final order, dismissing the application for attorney’s fees.
Both section 57.111(4)(b)(2), Florida Statutes, 1991[1] and Rule 221-6.035[2] require a petition for fees to be made within 60 days of a small business becoming a prevailing party.[3] Further, Florida Administrative Code Rule 221-6.002[4] provides for five additional days when service is by mail. The motion for fees was made to the agency within sixty-three days after the issuance of this court’s mandate. Considering the additional five days permitted by the Code’s own rule, the fees request should not have been dismissed as untimely.
Accordingly, the order under review is reversed and the cause remanded.

. Section 57.111 (4)(b)(2), Florida Statutes (1991) provides:
The application for an award of attorney's fees must be made within 60 days after the date that the small business party becomes a prevailing small business party.

. Rule 221-6.035(1) of the Florida Administrative Code provides:
(1) Any small business party asserting entitlement to attorney’s fees and costs under The Florida Equal Access to Justice Act shall file a petition for costs and fees with the Division of Administrative Hearings within sixty (60) days after becoming a prevailing small business party within the meaning of the Act.

. Section 57.111(3) provides, in pertinent part:
(c) A small business party is a "prevailing small business party” when:
1. A final judgment or order has been entered in favor of the small business party and such judgment or order has not been reversed on appeal or the time for seeking judicial review of the judgment or order has expired[.]

.Florida Administrative Code Rule 221-6.002, provides:
Computation of Time. In computing any period of time prescribed or allowed by these rules, by order of a Hearing Officer, or by an applicable statute, the date of the act from which the designated period of time begins to run shall not be included.... Five days may be added to prescribed time limits when service is made by mail.