616 So.2d 1117 (1993)
CITY OF MIAMI, Self-Insured, Appellant,
v.
Frank AROSTEGUI, Appellee.
No. 91-675.
District Court of Appeal of Florida, First District.
April 12, 1993.
*1118 A. Quinn Jones, III, City Atty., and Kathryn S. Pecko, Asst. City Atty., and Jay M. Levy, Miami, for appellant.
Mark L. Zientz, of Williams & Zientz, Miami, for appellee.

ORDER ON MOTION TO RECALL MANDATE
PER CURIAM.
Appellant, City of Miami, has filed a motion asking this court to recall its mandate. The City asserts three legal arguments for why this court should recall its mandate. First, the City argues that this court lost jurisdiction to issue its mandate when the City filed its notice to invoke the discretionary jurisdiction of the Florida Supreme Court. Second, the City argues that the automatic stay provision of Florida Rule of Appellate Procedure 9.310(b)(2) applies to the City when seeking discretionary review in the Florida Supreme Court. Third, the City argues that this court should withdraw the mandate pursuant to the holding of Jollie v. State, 405 So.2d 418 (Fla. 1981). For the reasons set forth below we treat the City's motion to recall the mandate as a motion to stay the effect of the mandate and deny the motion.
This court issued its opinion on September 23, 1992, 606 So.2d 1192. On October 5, 1992, the City filed a notice to invoke the discretionary jurisdiction of the supreme court. No motion to stay the mandate was filed in this court nor to our knowledge in the supreme court. This court issued its mandate on October 16, 1992.
In support of its argument that this court lost jurisdiction to issue the mandate, the City cites to this court's opinion in Payne v. State, 493 So.2d 1104 (Fla. 1st DCA 1986) and the Florida Supreme Court's opinion in Lelekis v. Liles, 240 So.2d 478 (Fla. 1970). The City relies on the following statement in Payne: "once the notice was filed jurisdiction vested in the Supreme Court and neither this court nor the trial court has jurisdiction to proceed." Payne, 493 So.2d at 1105. The City overlooks that Payne was implicitly overruled by the Florida Supreme Court in State v. McKinnon, 540 So.2d 111 (Fla. 1989).
In Payne this court was deciding whether the trial court had authority to resentence a criminal defendant while discretionary review was pending in the Florida Supreme Court. This court held that the trial court did not have jurisdiction to resentence *1119 the defendant. That holding was based on a construction of Florida Rule of Appellate Procedure 9.120 which provides that jurisdiction of the supreme court is invoked by filing the notice invoking discretionary jurisdiction. This court noted that it saw no reason to distinguish between a notice which seeks review as a matter of right pursuant to Rule 9.110 and a notice of discretionary review pursuant to Rule 9.120. The court concluded that once the notice was filed jurisdiction vested in the supreme court and neither this court nor the trial court had jurisdiction to proceed under the general principal referred to in Lelekis v. Liles, that once a notice of appeal of a final order is filed, the lower tribunal loses jurisdiction.
Approximately three years later this court certified to the Florida Supreme Court as a question of great public importance the exact issue decided in Payne, i.e., does the pendency of a petition for discretionary review in the Florida Supreme Court deprive the trial court of jurisdiction to resentence a defendant pursuant to the district court's mandate reversing and remanding the cause for resentencing. McKinnon v. State, 530 So.2d 1101, 1102 (Fla. 1st DCA 1988), quashed, State v. McKinnon, 540 So.2d 111 (Fla. 1989). The supreme court answered the certified question in the negative holding that the trial court had jurisdiction to resentence the defendant even though discretionary review was pending in the supreme court. State v. McKinnon, 540 So.2d at 113. In our opinion that holding in McKinnon necessarily includes a holding that a district court of appeal does not lose jurisdiction to issue its mandate while discretionary review is pending in the supreme court. If the trial court has jurisdiction to proceed despite pending discretionary jurisdiction, then the district court has jurisdiction to issue its mandate, a ministerial act, despite pending discretionary jurisdiction.
We also hold that the automatic stay provision of Florida Rule of Appellate Procedure 9.310(b)(2) does not apply to discretionary review in the supreme court. The City has cited no authority for its contention that the automatic stay provision applies during such review and we have found none. There is, however, authority for the proposition that the automatic stay provisions of the Florida Rules of Appellate Procedure do not apply during discretionary review. In State ex rel. Price v. McCord, 380 So.2d 1037 (Fla. 1980) (Price v. McCord) the Florida Supreme Court held that the issuance of the mandate by the district court of appeal, in the absence of a motion for further stay, is a ministerial act after expiration of the 15-day mandate period, even though discretionary review is pending in the Florida Supreme Court. Although that case dealt with the automatic stay available under Florida Rule of Appellate Procedure 9.310(b)(1) and not Rule 9.310(b)(2), the wording of Rule 9.310 does not materially differ between (b)(1) and (b)(2) and, thus, in our opinion the same rule of law should apply to both types of stays.
In Price v. McCord, supra, Price obtained a money judgment in a personal injury suit. The defendants appealed and obtained an automatic stay of the judgment, pursuant to Rule 9.310(b)(1), by filing a bond in accordance with that rule. The district court affirmed the order on appeal. In denying rehearing the district court noted that the mandate would issue unless a further stay was sought. When no motion was filed, the mandate issued. That same day the defendants/appellants sought discretionary review in the supreme court. The district court recalled its mandate. Price moved to again issue the mandate; the motion was denied. Price filed a petition for writ of mandamus requesting that the supreme court direct the district court to issue the mandate.
In opposing the petition for writ of mandamus the defendants made two arguments. First, they argued that by the very language of the rule itself the stay was in effect during review, and not just the initial appeal because by inclusion of the word "review" in the rule the drafters had obviously meant to include discretionary review. The pertinent part of Rule 9.310(b)(1) provides "a party may obtain an automatic stay pending review." The defendants also argued that the district court had the inherent power to continue the stay simply by not issuing the mandate. The *1120 supreme court rejected both arguments. The supreme court rejected the argument that the automatic stay available under Rule 9.310(b)(1) continues in effect during subsequent discretionary review, holding that Rules 9.310(e)[1] and 9.340(a)[2] interact to specifically create a 15-day delay in which the party seeking further review may seek an additional stay from the district court. Id. at 1039. If no additional stay is sought, issuance of the mandate is a ministerial act. Id. at 1039. The second argument was rejected for the same reason. In our opinion the effect of this ruling is that the automatic stay a party gets during the initial appeal ends when the district court of appeal issues its mandate.[3] Moreover, issuance of the mandate by the district court of appeal in the absence of a further motion for stay is mandatory.
Price v. McCord, supra, did not deal with the automatic stay provision available to public bodies under Florida Rule of Appellate Procedure 9.310(b)(2). However, there is nothing in the wording of Rules 9.310(b)(1) and 9.310(b)(2) which suggests that they should be construed differently. Rule 9.310(b)(1) provides in pertinent part: "[a] party may obtain an automatic stay pending review ... on posting of a ... bond." Rule 9.310(b)(2) provides in pertinent part: "the timely filing of a notice shall automatically operate as a stay pending review." The only difference is that under (b)(1) filing of the appropriate bond triggers the automatic stay while under (b)(2) filing the notice of appeal triggers the automatic stay; that is a difference without distinction.[4]
Finally, we find the City's argument with regard to Jollie, supra, unavailing. The City argues, citing Jollie, that we should recall our mandate in this case because *1121 this case is pending review in the supreme court. In Jollie, the Florida Supreme Court held that it has jurisdiction to review a district court of appeal decision which is per curiam without discussion but which cites to another case as controlling authority (a so-called "citation PCA") if the case cited as controlling authority is either pending review in the supreme court already or has previously been reversed by the supreme court. Normally the supreme court does not have jurisdiction to review a "citation PCA." Jollie does not stand for the proposition that we should recall our mandate just because review is pending in the supreme court and we decline to do so.
In sum, if the City, or other public body desires to stay the decision of the district court while discretionary review is sought in the supreme court, they should, in accordance with Price v. McCord, file a motion to stay the mandate in the district court, before the mandate issues.[5] Once the mandate has issued, a motion to stay the effect of the mandate must be filed in the supreme court. McKinnon, 540 So.2d at 113. Since, in this case, the mandate has already issued, the City must seek relief from the supreme court.
Accordingly, we deny the motion to recall the mandate which we have treated as a motion to stay the effect of the mandate.
BOOTH, SMITH and BARFIELD, JJ., concur.
NOTES
[1] Rule 9.310(e) provides:

Duration. A stay entered by a lower tribunal shall remain in effect during the pendency of all review proceedings in Florida courts unless a mandate issues, or unless otherwise modified or vacated.
[2] Rule 9.340(a) provides:

Issuance of Mandate. Unless otherwise ordered by the court or provided by these rules, the clerk shall issue such mandate or process as may be directed by the court after expiration of 15 days from the date of an order or decision. A copy thereof, or notice of its issuance, shall be served on all parties.
[3] Once we have issued our mandate, then any motion to stay the effect of the mandate must be filed in the supreme court. McKinnon, 540 So.2d at 113. In McKinnon the court stated "we hold that a party desiring a stay of mandate during the pendency of a petition for review in this court, must apply to this court for a stay." (Emphasis added). However, given the facts of McKinnon it is clear the court must have been referring to a motion to stay the effect of the mandate. The court's earlier decision of Price v. McCord, which squarely addresses the issue of where a motion to stay the mandate must be filed, holds that a motion to stay the mandate must be filed in the district court. Id. at 1039. Price v. McCord is not mentioned in McKinnon and we do not believe the supreme court meant to overrule Price v. McCord in McKinnon.
[4] We do note that commentators seem split on this issue. Former Chief Justice England states in his guide to appellate practice in Florida that:

While the rule is not entirely clear, it appears there is no automatic stay for a public officer or public body, acting in an official capacity, when the review sought is discretionary rather than of right. In such a case the public entity would need to file a motion to stay the order below pending discretionary review.
Arthur England and Tobias Simon, Florida Practice Manual, § 1232, at 14 (1979). The Florida Bar's Appellate Practice Manual, section 9.18 at 168 states:
Florida Rule of Appellate Procedure 9.310(b)(2) states that the automatic stay becomes effective on the filing of a notice, which appears to encompass the filing of a notice for discretionary review. There is equivocal language in Rule 9.310(e) that indicates that the automatic stay may not pertain to the discretionary review in the supreme court of a district court of appeal. [citations omitted] The cautious approach for the attorney representing a public body or officers is to file a motion to stay the mandate if a further discretionary review of a district court decision is anticipated.
Judge Phillip Padovano, in his book, Florida Appellate Practice, section 8.8A at 61 states:
When a public party has filed a timely notice to invoke discretionary jurisdiction, the filing of the notice operates as an automatic stay of the mandate....
In support of that statement Judge Padovano cites to the 1977 Appellate Court Rule Committee note to Rule 9.310. That committee note states:
Section (e) is new and is intended to permit a stay for which a single bond premium has been paid to remain effective during all review proceedings. The stay is vacated by issuance of a mandate or an order vacating it. There is no automatic stay of mandate under these rules, except for the state or public body under subsection (b) of this rule, or if a stay as of right is guaranteed by statute. See, for example, section 120.68(3), Fla. Stat. (Supp. 1976). This rule interacts with Rule 9.340, however, so that a party has 15 days between issuance of the court's decision and issuance of the mandate (unless issuance of mandate is expedited) to move for a stay pending review. If such motion is granted any stay and bond previously in effect continues, except to the extent of any modifications, by operation of this rule. If circumstances arise requiring alteration of the terms of the stay the party asserting the need for such change should apply by motion for the appropriate order.
(Emphasis added.) While Judge Padovano's comment is warranted given the committee note, we do not believe the committee note is justified given the wording of the rule and the Florida Supreme Court's interpretation of Rule 9.310 in Price v. McCord.
[5] The party seeking the stay must meet the standard set forth in that case. The stay must be "essential" and to determine whether the stay is essential the district court is to consider "`the likelihood that jurisdiction will be accepted by the Supreme Court, the likelihood of ultimate success on the merits, the likelihood of harm if no stay is granted and the remediable quality of any such harm.'" Id. at 1038-39 n. 3.