BENTON, Judge.
The Department of Health and Rehabilitative Services (HRS) urges reversal of a hearing officer’s final order requiring HRS to reimburse South Beach Pharmacy, Inc. (Southpointe) for attorney’s fees and costs that Southpointe incurred in successfully defending HRS’ claims against it. HRS maintains that the fee petition was filed out of time, and argues that the hearing officer erred in finding that HRS lacked substantial justification to initiate the main case. We reject both contentions and affirm.
In proceedings under the Florida Equal Access to Justice Act (Act), section 57.111, Florida Statutes, small business parties who have prevailed in civil actions [1] or administrative proceedings initiated by a state agency are entitled to recover attorney’s fees and costs (up to a statutory limit), “unless the actions of the agency were substantially justified or special circumstances exist which would make the award unjust.” § 57.-lll(4)(a), Fla.Stat. (1993).

*119
Time for Filing Limited

In order to recover when the predicate proceeding is administrative,[2] a small business party must initiate a separate administrative proceeding, by filing a petition with the Division of Administrative Hearings in conformity with Florida Administrative Code Rule 60Q-2.035, “within 60 days after the date that the small business party becomes a prevailing small business party.” § 57.111(4)(b)2., Fla.Stat. (1993). In its final order in the main or underlying case, HRS fined Southpointe, suspended Southpointe from the Medicaid program, and ordered a refund of claimed overpayments. Only after it succeeded in overturning HRS’ final order on appeal, Southpointe Pharmacy v. Department of Health and Rehabilitative Services, 596 So.2d 106 (Fla. 1st DCA 1992), could Southpointe be said to have prevailed. (Although the hearing officer’s recommended order in the main case was favorable, HRS entered a final order in that case adverse to Southpointe “rejecting] in part certain findings of fact made by the hearing officer, as well as the hearing officer’s conclusions of law drawn therefrom.” 596 So.2d at 107.)
Where a lower tribunal enters a favorable final order or judgment in the first instance and an appeal is taken,[3] section 57.-lll(3)(c), Florida Statutes (1993), does not treat the small business party as having prevailed, while the appeal is pending. Otherwise, absent a stay, a small business party could recover fees and costs before the ultimate outcome was clear. If a favorable judgment or order is reversed, section 57.111, Florida Statutes (1993), authorizes no award. During the pendency of the appeal, the favorable “judgment or order has not [yet] been reversed on appeal,” but it is not clear whether it will eventually be reversed,[4] and “the time for seeking judicial review of the judgment or order has” not expired, within the meaning of the statute.

Adverse Order Reversed

Here, of course, HRS’ original order was unfavorable. Our decision in Southpointe Pharmacy v. Department of Health and Rehabilitative Services, 596 So.2d 106 (Fla. 1st DCA 1992), reversing HRS’ final order in the main case, was filed on March 11, 1992. Even though no petition for rehearing, clarification or certification had been *120 filed in the interim, the mandate did not issue until April 13, 1992. In its amended initial brief, HRS asserts that
Southpointe became the prevailing party on March 27, 1992, when “the time for judicial review of the judgment or order [had] expired,” § 57.111[3](c)l, Florida Statutes.... The only remaining action was the issuance of a mandate by the [appellate] clerk.... [which] is clearly a ministerial act by the [appellate] court’s clerk....
Citing Florida Rule of Appellate Procedure 9.340,[5] HRS goes on to argue that South-pointe’s section 57.111 petition was untimely because it was not filed with the clerk of the Division of Administrative Hearings until June 1, 1992, more than sixty days after the mandate “should have issued,” albeit within sixty days of its actual issuance.
We view the significance of the mandate in a very different light, and do not, in any event, believe it is incumbent on a prevailing small business party to second guess an appellate court as to the proper time for its issuance. Florida Rule of Appellate Procedure 9.340 prescribes the time for issuance of the mandate “[u]nless otherwise ordered.” It is within the discretion of an appellate court when a mandate issues, Jacksonville, T. & K.W. Ry. Co. v. Adams, 28 Fla. 631, 10 So. 465 (1891), although this discretion must be exercised, if not earlier, then “during the 15-day mandate period.” City of Miami v. Arostegui, 616 So.2d 1117, 1119 (Fla. 1st DCA 1993) (citing State ex rel. Price v. McCord, 380 So.2d 1037 (Fla.1980)). “The power of the court to expedite as well as delay the issuance of the mandate, with or without motion, has been made express.” Committee Notes, 1977 Amendment, Fla. RApp.P. 9.340. Only upon issuance of the mandate does the appellate court’s decision become final. State ex rel. Davis v. Clear-water, 108 Fla. 635, 146 So. 836 (1933).
But the favorable judgment or order section 57.111 makes prerequisite to an award of fees and costs is not the judgment or order of an appellate court. The statute contemplates the judgment or order of a trial court or, as here, the final order of an administrative agency. Section 57.111(3)(c), Florida Statutes (1993), provides:
A small business party is a “prevailing small business party” when:
1. A final judgment or order has been entered in favor of the small business party and such judgment or order has not been reversed on appeal or the time for seeking judicial review of the judgment or order has expired;
The favorable “final judgment or order” is the judgment or final order of the lower tribunal, whether never appealed, affirmed on appeal, or entered pursuant to mandate, after an appeal has concluded. In the event of an appeal, the lower tribunal is without jurisdiction until the appeals court’s mandate issues. See McGum v. Scott, 596 So.2d 1042, 1045 (Fla.1992) (citing Willey v. W.J. Hogg-son Corp., 89 Fla. 446, 105 So. 126 (Fla. 1925)).

Favorable Order Imputed

HRS had a duty in the main proceeding to enter an order favorable to South-pointe in accordance with the mandate, once the original final order adverse to South-pointe was reversed; as soon as the mandate issued, HRS had jurisdiction to act. “When the mandate was received by ... [HRS, it] should have carried out and placed into effect the order and judgment of this [c]ourt.” Blackhawk Heating & Plumbing Co., Inc. v. Data Lease Financial Corp., 328 So.2d 825, 827 (Fla.1975) (citation omitted). An administrative agency “is without authority to alter or evade the mandate of an appellate court absent permission to do so,” 328 So.2d at 827 *121 (citation omitted), permission HRS did not have here.
The original, adverse order nevertheless remains the only final order HRS has ever entered in the main case. HRS did not enter an order on remand dismissing with prejudice. But HRS’ omission cannot be allowed to defeat Southpointe’s right to recover fees and costs. “[I]n the absence of an order in the main case on remand, an order in conformity with the mandate must be imputed, if necessary to prevent [an agency’s] taking unfair advantage by withholding what an appellate court has clearly required.” Sun Coast International, Inc. v. Department of Business Regulation, No. 92-3576F (DOAH Nov. 13,1992). See Robbins v. Pfeif-fer, 407 So.2d 1016 (Fla. 5th DCA 1981) (compliance with mandate “is a purely ministerial act” At 1017).
Southpointe’s petition for fees and costs was timely, and HRS’ failure to enter a favorable final order on remand, when the reviewing court mandated reversal, is no bar to proceedings under section 57.111, Florida Statutes (1993). Settlement or voluntary dismissal aside, the sixty-day period in which section 57.111(4)(b)2, Florida Statutes (1993), contemplates that a small business party will file its fee petition does not begin before entry of a favorable order or judgment. Here the time never began running, because HRS never entered an order on the mandate.[6] But Southpointe’s fee petition was in no sense premature, because a small business party has the right to insist that an order conforming to the mandate be imputed, at any time after the mandate issues.

Substantial Justification Not Proven

“The Act is designed to discourage unreasonable governmental action, not to paralyze agencies doing the necessary and beneficial work of government.” Rudloe v. Department of Environmental Regulation, 33 Fla.Supp.2d 203 (DOAH 1987). But, once a prevailing small business party proves that it qualifies as such under section 57.111, the agency that initiated the main or underlying proceeding has the burden to show substantial justification or special circumstances, Department of Health and Rehabilitative Services v. S.G., 613 So.2d 1380,1386-7 (Fla. 1st DCA 1993); Department of Professional Regulation, Div. of Real Estate v. Toledo Realty, Inc., 549 So.2d 715 (Fla. 1st DCA 1989); Ray v. Department of Transportation, 9 F.A.L.R. 1537 (DOAH 1990); Gentele v. Department of Professional Regulation, 9 F.AL.R. 310 (DOAH 1986) affd 513 So.2d 672 (Fla. 1st DCA), in order to avoid liability for fees and costs.
HRS initiated the original, unsuccessful administrative proceeding at issue here, seeking to recover a refund of Medicaid reimbursement payments, after an audit conducted by an independent contractor, at HRS’ instance. But HRS’ duty to initiate administrative proceedings only when it has substantial justification to do so is non-dele-gable; and in no way attenuated by contracting for auditing or other investigative services,-instead of relying on auditors and investigators on its own payroll.
As if foreshadowing the hearing officer’s findings and conclusions in the present ease, we observed, when we reversed HRS’ order in the underlying case, Southpointe Pharmacy v. Department of Health and Rehabilitative Services, 596 So.2d 106 (Fla. 1st DCA 1992):
... HRS had not cheeked a single Medicaid patient to determine if the medication had been dispensed, or a single physician to see if the medication had been prescribed.... [T]he only thing HRS had done to validate the aggregate analysis auditing method since David’s Pharmacy [v. Department of Health and Rehabilitative Services, 11 F.AL.R. 2935 (HRS 1988)] was to delete the requirement of utilizing a “percentage of Medicaid sales” from the formula. As pointed out by Southpointe, none of the other shortcomings of aggregate analysis which were identified in the David’s final order were remedied by HRS at the hearing below. For example, neither a beginning nor ending inventory had been taken into eonsid- *122 eration, and no consideration was given as to whether Southpointe had acquired additional drugs to augment its inventory by means other than direct purchase from its manufacturers.
At this juncture, we are bound by the hearing officer’s findings of fact in the fee case, since they are supported by competent, substantial evidence. We agree with the hearing officer’s legal conclusion that HRS failed to carry its burden to demonstrate that it was substantially justified in initiating the original administrative proceeding.
AFFIRMED.
ERVIN and BARFIELD, JJ., concur.

. The Florida Equal Access to Justice Act provides for awards of fees and costs in judicial as well as in administrative proceedings. It is designed to reimburse small businesses defending against or seeking review of "unreasonable governmental action because of the expense of civil actions and administrative proceedings.” § 57.-111(2), Fla.Stat. (1993).

. In a civil action, the state agency is itself a mere litigant, so section 57.111 claims can be adjudicated in the same judicial proceeding the agency initiates. See Cheek v. McGowan Elec. Supply Co., 511 So.2d 977 (Fla.1987).
In administrative proceedings, however, the agency ordinarily has final order authority in the main case. § 120.57, Fla.Stat. (1993). Rather than confer authority on the agency to decide its own liability for attorney’s fees and costs, the Act directs that proceedings be instituted in the Division of Administrative Hearings and confers final order authority on the hearing officer.

. If no appeal is taken from a favorable judgment or order, the small business party is deemed prevailing after the thirty days allowed by Florida Rule of Appellate Procedure 9.110 elapse, when "time for seeking judicial review of the judgment or order has expired.” § 57.-lll(3)(c)l, Fla.Stat. (1993). The statute allows sixty days thereafter, § 57.11 l(4)(b)2, Fla.Stat. (1993), or ninety days from the date of the favorable judgment or order never appealed. S.G. v. Department of Health & Rehabilitative Services, No. 91-6285F (DOAH Feb. 20, 1992) affd in part, Department of Health & Rehabilitative Services v. S.G., 613 So.2d 1380 (Fla. 1st DCA 1993); Hilgeman v. State Dep't of Business Regulation, No. 90-6668F (DOAH April 26, 1991). But see Minkes v. Department of Professional Regulation, No. 89-792F (DOAH March 8, 1989) affd 550 So.2d 1175 (Fla. 3d DCA 1989).

.If the favorable judgment or order is affirmed (or if the review proceedings are dismissed), the appellate court’s issuance of the mandate establishes the lower tribunal’s "judgment or order [as one that] has not been reversed on appeal,” and definitively concludes “the time for seeking judicial review of the judgment or order.” In such cases, the sixty days allowed by section 57.-11 l(4)(b)2., Florida Statutes (1993), run from the date that the appellate court issues the mandate. See State ex rel. Price v. McCord, 380 So.2d 1037 (Fla. 1980); Thibodeau v. Sarasota Memorial Hospital, 449 So.2d 297 (Fla. 1st DCA 1984); Robbins v. Pfeiffer, 407 So.2d 1016 (Fla. 5A DCA 1981).
We are not persuaded that service of copies of the mandate on the parties is pertinent, except insofar as due process requires notice in sufficient time to act. See Berger v. Leposky, 103 So.2d 628 (FIa.1958) (“mandate of an appellate tribunal is, of course, directed not to the parties, but to the [lower] court” At 631.) Accord, Tier-ney v. Tierney, 290 So.2d 136, 137 (Fla. 2d DCA 1974) (on reh.). But see Eager v. Florida Keys Aqueduct Authority, 605 So.2d 883 (Fla. 3d DCA 1992).

. Entitled "Mandate,” Florida Rule of Appellate Procedure 9.340 provides:
(a) Issuance of Mandate. Unless otherwise ordered by the court or provided by these rules, the clerk shall issue such mandate or process as may he directed by the court after expiration of 15 days from the date of an order or decision. A copy thereof, or notice of its issuance, shall be served on all parties.
(b) Extension of Time for Issuance of Mandate. If a timely motion for rehearing, clarification, or certification has been filed, the time for issuance of a mandate or other process shall be extended until 15 days after rendition of the order denying the motion, or, if granted, until 15 days after the cause has been fully determined.
Fla.R.App.P. 9.340(a) and (b).

. An agency faced with reversal of an order it entered adverse to a small business party has an incentive to enter a favorable order on remand promptly, in order to start the sixty-day "clock."