WELLS, Judge.
The former wife, Oksana Sepich,[1] appeals from a December 11, 2013 order finding her in contempt for failing to vacate her former husband Aris Papadopou- *157 los’s Atlanta, Georgia home, and ordering her to pay a fine of $500 a day until she vacates that home.[2] In Case 3D13-2008, Sepich appealed two earlier orders determining that the Atlanta home was the former husband’s property.[3] In that appeal, Sepich filed an emergency motion in this court to review denial of a stay which she had sought below. On January 7, 2014, we granted her motion and stayed all proceedings pending further order of this court.[4] We conclude that the fine imposed days earlier, in the December 11, 2013 contempt order, was likewise stayed as a result of our January 7, 2014 stay order.[5]
This court has now affirmed the orders under review in Case 3D13-2008, and in this opinion we affirm the December 11, 2013 contempt order, except as to any fine imposed up to time of the resolution of this appeal. The case now disposed of, with the issuance of the mandate in this ease, the stay entered will no longer be in effect.
It is time for Sepich to vacate the Atlanta home.
Affirmed, except as to the $500 a day fine.[6]

. Sepich was determined to be indigent and appears here pro se. In her August 14, 2013 application for indigent status, Sepich lists her monthly income as $1200, with the notation “commission base[d].” In her updated March 20, 2014 application for indigent sta *157 tus, Sepich lists her income at $500 per month, with the same notation.

. Sepich appeals both the "Order On Former Husband’s Motion To Compel, For Contempt, For Sanctions, And For Other Relief,” which the trial court granted and the "Order On Former Wife's Compulsory Motion To Compel, For Contempt, For Sanctions, And For Other Relief,” which the trial court denied. We address what we deem the only provision meriting our intervention, the $500 a day fine imposed below.

. Both the "Order Regarding the Atlanta, Georgia Residence" and the "Final Judgment of Dissolution of Marriage” issued on June 28, 2013, and determined the Atlanta home was the separate and sole property of the former husband.

. In Case 3D 13-2008, Sepich argued that:
[T]he Prenuptial Agreement executed by the parties allows both parties to continue to reside in the Georgia residence for the duration of divorce proceedings, through and including the date of the entry of a "Final Order.” “Final Order” refers to that date upon which a divorce proceeding is finally adjudicated with all right to appeal having expired without such appeal having been instituted, or in the event an appeal has been instituted, the date upon which all available appellate remedies have been finally exhausted.

. We also issued a stay of the December 11, 2013 contempt order in this case, 3D 14-26.

. In Perez v. Perez, 769 So.2d 389, 391 n. 4 (Fla. 3d DCA 1999), we observed:
This Court has authority to issue a stay under Rule 9.310(f), Florida Rules of Appellate Procedure, for the purpose of preserving the status quo during an appellate proceeding. See Hirsch v. Hirsch, 309 So.2d 47 (Fla. 3d DCA 1975). Once a stay is issued, the stay remains in effect until the appellate court mandate is issued. Rule 9.310(e), Fla. R. App. P. Factors which are considered by this Court in deciding whether to grant a stay include the moving party’s likelihood of success on the merits, and the likelihood of harm should a stay not be granted. See State ex rel. Price v. McCord, 380 So.2d 1037 (Fla. 1980).