[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14916
Non-Argument Calendar
_____

D.C. Docket No. 8:14-cv-00721-SDM-TBM


ANASTACIO M. CERRITO,

                                                          Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

                                                          Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 17, 2017)

Before WILLIAM PRYOR, JULIE CARNES and JILL PRYOR, Circuit Judges.

PER CURIAM:

Anastacio Cerrito, a Florida prisoner, appeals the dismissal of his petition for a writ of habeas corpus as untimely. 28 U.S.C. § 2244(d). In his belated petition, Cerrito argued for equitable tolling of the one-year limitation period of the Antiterrorism and Effective Death Penalty Act, *id.* Cerrito requested tolling for the periods that a Florida "court or the U.S. mail or Department of Corrections" allegedly failed to deliver the mandate terminating his state postconviction proceeding, *see* Fla. R. Crim. P. 3.850, and that he lacked access to "legal materials in Spanish . . . or translation assistance" to prepare his federal petition. The district court ruled that Cerrito failed to monitor his state proceeding with reasonable diligence or to prove that his difficulties with the English language constituted an extraordinary circumstance that entitled him to equitable tolling. We affirm.

We review *de novo* the denial of equitable tolling and related findings of fact for clear error. *San Martin v. McNeil*, 633 F.3d 1257, 1265 (11th Cir. 2011). "[W]e must affirm a district court's findings of fact unless the record lacks substantial evidence to support them." *Id.* (internal quotation marks and citation omitted). The petitioner bears the burden of proving that his circumstances warrant equitable tolling of the statutory period. *Id.* at 1268.

"Equitable tolling is an extraordinary remedy which is typically applied sparingly." *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000). The petitioner must prove that he acted with due diligence and that "some extraordinary

2

circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Id.* at 653 (internal quotation marks and citations omitted). To constitute an extraordinary circumstance, the cause for the delay must be "both beyond [the petitioner's] control and unavoidable even with diligence." *Steed*, 219 F.3d at 1300 (quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)).

The district court did not clearly err in finding that Cerrito failed to monitor the issuance of the mandate in his state proceeding with "reasonable diligence." "A lengthy delay between the issuance of a necessary order and an inmate's receipt of it might provide a basis for equitable tolling if the petitioner has diligently attempted to ascertain the status of that order and if the delay has prevented [him] from filing a timely federal habeas corpus petition." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1288 (11th Cir. 2002). But after Cerrito received the decision denying his motion for state postconviction relief, he failed to exert "diligent efforts to learn about [the status of his] case." *See id.* Cerrito did not move for rehearing or file an appeal, so under Florida Rule of Appellate Procedure 9.340, the mandate had to "issue . . . 15 days from the date of an order or decision . . . [u]nless otherwise ordered by the court." Fla. R. App. P. 9.340(a), (b). Although Cerrito had only 67

3

days remaining to file his federal petition, he waited more than four months to inquire whether the state court had issued its mandate. The district court was entitled to find that Cerrito did not "exercise[] due diligence" in monitoring his state postconviction proceeding and that his four-month delay, not the belated delivery of the mandate, "caused the untimely filing" of his federal petition.

Cerrito argues that his delay was reasonable because, as the court stated in *State, Department of Health & Rehabilitative Services v. South Beach Pharmacy, Inc.*, 635 So. 2d 117, 120 (Fla. Dist. Ct. App. 1994), "[i]t is within the discretion of an appellate court when a mandate issues," but that court also stated that "this discretion must be exercised, if not earlier, then during the 15-day mandate period," *id.* (internal citation marks and quotation omitted). That deadline expired several weeks before Cerrito's limitation period expired. Had Cerrito "diligently . . . ascertain[ed] the status of" the mandate, *see Drew*, 297 F.3d at 1288, he could have timely filed his federal petition. Even if the state court had delayed issuing its mandate, Cerrito could have moved to stay the period to file his federal petition. *See Gonzalez v. Thaler*, 565 U.S. 134, 153–54 (2012) ("To the extent a petitioner has had his or her federal filing period severely truncated by a delay in the mandate's issuance and has unexhausted claims that must be raised on state habeas review, such a petitioner could file a request for a stay and abeyance from the federal district court.").

4

Cerrito also argues that he was as diligent as the prisoner who received equitable tolling for 16 months in *Knight v. Schofield*, 292 F.3d 709 (11th Cir. 2002), but we disagree. In *Knight*, we held that the prisoner was entitled to equitable tolling because he asked promptly for a decision and did not inquire further after receiving assurances from the clerk of the Georgia Supreme Court that "he would be notified as soon as a decision was made." *Id.* at 711. Cerrito did not inquire promptly about the mandate or receive a personal assurance that he would be contacted when the mandate issued.

The district court also did not clearly err in finding that Cerrito's language barrier did not amount to an "extraordinary circumstance" that entitled him to equitable tolling. Neither Cerrito's alleged inability to understand English, *see United States v. Montano*, 398 F.3d 1276, 1280 n.5 (11th Cir. 2005), to read beyond a second-grade level, *see Rivers v. United States*, 416 F.3d 1319, 1323 (11th Cir. 2005), or inaccessibility to an inmate law clerk who was bilingual, *see Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (no federal constitutional right to counsel in collateral attack on a conviction), warranted equitable tolling. An extraordinary circumstance exists only if the delay is "unavoidable even with diligence." *Steed*, 219 F.3d at 1300. "To show diligence, a petitioner . . . must provide details of the specific actions taken toward filing the petition[,]" such as "when he found out about the library's alleged deficiency, . . . any independent

5

efforts he made to determine when the relevant limitations period began to run, and . . . how the prison thwarted his efforts." *Arthur v. Allen*, 452 F.3d 1234, 1253 (11th Cir. 2006) (internal quotation marks and citation omitted). Cerrito did not allege when he discovered that the prison library did not have documents in Spanish, what measures he took to procure the materials and assistance that he needed, or how the prison slowed his progress. Cerrito alleged that his "jailhouse lawyer" arrived at the prison more than two months before the limitation period expired, but Cerrito did not explain why he failed to file his federal petition sooner. "Absent any . . . evidence of diligence, the district court did not clearly err in finding that [Cerrito] was not entitled to equitable relief." *Id.*

The district court did not err by dismissing Cerrito's petition as untimely. Cerrito was not entitled to equitable tolling of the federal limitation period when he did not "diligently attempt[] to ascertain the status of" the mandate in his state postconviction proceeding, *see Drew*, 297 F.3d at 1288, or prove that his language barrier amounted to an extraordinary circumstance that prevented him from timely filing his federal petition.

We **AFFIRM** the dismissal of Cerrito's petition.