# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

No. 1D2022-3567

———————————————

EUGENE GARTMAN and
ADRIENNE GARTMAN,

    Appellants,

    v.

SOUTHERN TACTICAL RANGE,
LLC, and BITN, LLC,

    Appellees.

———————————————

On appeal from the Circuit Court for Okaloosa County.
Mary Polson, Judge.

September 3, 2025

ON MOTION TO STAY THE MANDATE

PER CURIAM.

We deny the appellees' motion, which was docketed on August 7, 2025. A party seeking a stay of this court's mandate must show that denial would result in irremediable harm. *Cf. State ex rel. Price v. McCord*, 380 So. 2d 1037, 1039 (Fla. 1980) (explaining that "decisions of the district courts of appeal [are] presumptively final" and that a trial court's stay would remain in effect only upon "an applicant's showing that there is both a likelihood of success in the Supreme Court and irremediable harm by the denial of a stay pending review in that court").

The portion of the final order that we reversed in this appeal was a dismissal with prejudice of the nuisance complaint filed against the appellees. Upon issuance of the mandate, our reversal simply would effectuate a reinstatement of the nuisance portion of the suit, allowing the case to proceed in the ordinary course while any appeal or petition may be pending with the supreme court.

Having to engage in continued litigation is not cognizable harm warranting the stay of this court's mandate. *Cf. Citizens Prop. Ins. Corp. v. San Perdido Ass'n*, 104 So. 3d 344, 355 (Fla. 2012) (observing, in certiorari context, that "the expense of continued litigation [ordinarily] does not constitute irreparable harm"); *Rodriguez v. Miami-Dade County*, 117 So. 3d 400, 405 (Fla. 2013) (reiterating "that the continuation of litigation and any ensuing costs, time, and effort in defending such litigation does not constitute irreparable harm" for the purpose of certiorari jurisdiction). And the appellees have not demonstrated how their having to continue litigating the nuisance portion of the suit in the trial court poses an immediate threat to the supreme court's ability to fully exercise its jurisdiction while the appellees seek its review of this court's decision.

DENIED.

OSTERHAUS, C.J., and WINOKUR and TANENBAUM,* JJ., concur.

––––––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––––––

D. Michael Chesser and Tara A. Hagan of Chesser & Barr, P.A., Shalimar; Charles F. Beall, Jr. of Moore, Hill and Westmoreland, P.A., Pensacola, for Appellants.

---

\* Judge Tanenbaum substituted for Judge Nordby upon her recusal following disposition.

Edward P. Fleming and Lindsey L. Miller-Hailey of McDonald Fleming, Pensacola; and Jason Gonzalez, Jessica L. Slatten, and Robert E. Minchin III of Lawson Huck Gonzalez, PLLC, Tallahassee, for Appellees.