SHARP, Judge.
Smith appeals two departure sentences[1] which were imposed by the trial court following remand for resentencing from this court.[2] The trial court originally imposed the statutory maximum sentences, which constituted a five-bracket departure upward from the presumptive sentence of any nonstate prison sanction. Without considering any additional matters or evidence, the trial court reimposed the identical sentences. We vacate the sentences because the reasons given are not clear and convincing under the guideline mandates, and because there is insufficient factual basis to support the trial judge’s conclusion that Smith was a large, commercial dealer in illegal drugs.
Following remand from this court the trial judge held a brief sentencing hearing at which he announced his intent to impose the same sentences for the following reasons:
1) Testimony elicited at trial indicates defendant was in possession of a larger quantity of marijuana.
2) Testimony elicited at trial indicates defendant was possessing a larger quantity of marijuana for purposes of commercial sale.
3) Testimony elicited at trial indicates defendant was engaging in the sale of marijuana on a commercial basis for financial gain as opposed to a delivery or sale of marijuana between friends. The guidelines do not distinguish between a casual delivery and a commercial operation.
4) The commercial nature of this offense, considered in the light of a second pending case charging defendant with sale and possession of marijuana indicates the instant offense was not an isolated casual incident, but was in fact a well-organized operation and therefore, a non-prison sanction is not in the public interest.
Reasons one and two take into account the trial judge’s belief that Smith was in possession of much more marijuana than the less than twenty grams amount for which he was charged and convicted.[3] Had Smith possessed more than 20 grams or 100 pounds of marijuana, he could have been charged and convicted of more serious criminal offenses: § 893.13(l)(e); § 893.-135(l)(a), Fla.Stat. (1983). But since he was neither charged nor convicted of those greater criminal offenses, those circumstances which might have served as a basis *1017 for proving them cannot be used as a basis to impose a departure sentence.[4]
The third reason, also suggested in the fourth reason, that the quantity of the drugs being sold and the manner of the sale demonstrated Smith was a well-organized dealer in illegal drugs — is simply not supported by the record in this case. Smith was arrested for having sold a “nickel bag” of marijuana to an undercover police officer, Miss Rice. This quantity was all the state proved Smith possessed or sold.
Miss Rice rode her bicycle down the old Dade City Road in Brooksville, looking for prospective sellers on the street. Phillips, a state witness at trial, called to her to stop and tried to make a sale. She chose to buy the nickel bag from Smith because she had not purchased any drugs from him before. She testified both Phillips and Smith were holding larger plastic bags in which they kept the nickel bags, and that after pulling out a baggie, they hid the larger bags under their clothing. The larger bags were not in evidence, and whether they contained additional marijuana, and how much, was not established at the trial. In sum, the evidence only showed a single purchase of a “nickel baggie” of marijuana, on the street. No large commercial dealing on Smith’s part was shown.
Finally, that portion of the fourth reason which makes reference to the second charge of sale and possession of marijuana then pending against Smith is clearly improper under the guidelines.[5] A trial court may not consider as a basis for departure, crimes for which a defendant has not then been convicted. After conviction they must be “scored” as, provided on the scoresheet for “prior record,” and they are still not a proper basis for a departure sentence[6] absent some finding of an escalating pattern of criminality.[7] Here Smith had no prior record.
For the reasons stated we vacate the sentences and remand for resentencing within the parameters of the guideline’s presumptive sentence range.
VACATE SENTENCE AND REMAND.
UPCHURCH, C.J., and COWART, J., concur.

. Smith received a term of five years for the sale of marijuana (§ 893.13(1)(a)(2), Fla.Stat. (1983), and a term of one year, consecutive, for possession of less than twenty grams of marijuana (§ 893.13(1)(f), Fla.Stat. (1983)).

. Smith v. State, 482 So.2d 469 (Fla. 5th DCA 1986).

. § 893.13(1)(f), Fla.Stat. (1983).

. Fla.R.Crim.P. 3.701.d.11.; Santiago v. State, 478 So.2d 47 (Fla.1985); Cummings v. State, 489 So.2d 121 (Fla. 1st DCA 1986); Sabb v. State, 479 So.2d 845 (Fla. 1st DCA 1985).

. Patten v. State, 492 So.2d 748 (Fla. 2d DCA 1986); Montgomery v. State, 489 So.2d 1225 (Fla. 5th DCA 1986).

. Hendrix v. State, 475 So.2d 1218 (Fla.1985).

. Pittman v. State, 492 So.2d 741 (Fla. 1st DCA 1986); Dorado v. State, 482 So.2d 561 (Fla. 2d DCA 1986); Burke v. State, 456 So.2d 1245 (Fla. 5th DCA 1984).