SHARP, Judge.
For the second time, we vacate the sentence imposed on Vicknair for his conviction of possession of less than twenty-eight grams of cocaine. In the first case, Vicknair v. State, 483 So.2d 896 (Fla. 5th DCA 1986), we vacated Vicknair’s sentence while certifying a question of great public importance.[1] After remand from this court for resentencing, the state filed notice with this court of its intent to invoke the discretionary jurisdiction of the supreme court, and filed a motion to recall this court’s mandate. We denied the motion, and on April 25, 1986, the trial court resentenced Vicknair. The Florida Supreme Court approved our opinion in State v. Vicknair, 498 So.2d 416 (Fla.1986).[2]
The state urges that Vicknair’s sentence is a nullity because the resentencing took place during the time the state was seeking discretionary review in the supreme court. Payne v. State, 493 So.2d 1104 (Fla. 1st DCA), approved, 498 So.2d 413 (Fla.1986), holds that after discretionary review in the supreme court is sought, the trial court (as well as the district court of appeal) loses jurisdiction and cannot re-sentence pending final disposition by the reviewing court where it is proceeding in a matter which affects the subject matter on appeal. We respectfully disagree with Payne that the filing for discretionary review in the supreme court pursuant to rule 9.120 automatically deprives the trial court of jurisdiction to carry out the mandate of the district court of appeal. That view would make the rules dealing with applications for stay of mandate pending review superfluous.[3]
Appellant argues, and we agree, the departure sentence[4] imposed by the trial court must be quashed because the two reasons stated to justify the sentence are not permissible under the guidelines. The two reasons were:
1. Defendant found to be an habitual offender. He constitutes a danger to the public because the PSI shows that when he was convicted in 1980 he possessed a large quantity (10,-000) quaalude tablets and the evidence in this case shows he possessed 958 grams (approximately 2 lbs.) of cocaine and a .38 auto pistol.
*757 2. Because of the large quantity of drugs, i.e., 958 grams or approximately 2 lbs. of cocaine which indicated defendant is a heavyweight drug dealer as opposed to a simple user.
Vicknair’s habitual offender status is not a proper basis for a departure sentence under the guidelines.[5] Also, his possession of a sizeable quantity of contraband at the time of his arrest is not established by the record, since the jury made an express finding he was in possession of less than 28 grams.[6]
Accordingly, we vacate the sentence appealed, and remand for resentencing within the presumptive sentence range of the guidelines.
VACATE SENTENCE; REMAND.
UPCHURCH, C.J., and ORFINGER, J., concur.

. Art. V, § 3(b)(4), Fla. Const.

. This case was first reported in 11 F.L.W. 611 as having been issued on November 26, 1986.

. See FIa.R.App.P. 9.310; see also Fla.R.App.P. 9.120 Committee Notes, 1977 Rev.

. Fla.R.Crim.P. 3.701.

. See Whitehead v. State, 498 So.2d 863 (Fla.1986); Vicknair v. State, 498 So.2d 416 (Fla.1986).

. Baxter v. State, 488 So.2d 647 (Fla. 5th DCA 1986); Smith v. State, 498 So.2d 1015 (Fla. 5th DCA 1986).