THOMPSON, Judge.
Everage appeals a sentence imposed on him pursuant to this court’s prior remand for resentencing. Everage’s first argument on appeal is that at the time he was resentenced the trial court lacked jurisdic *82 tion to sentence him. We find merit in this argument, and reverse.
Everage’s initial sentence of 36 years incarceration exceeded the recommended guidelines sentence of 12 to 17 years. That sentence was appealed and this court ruled that three of the four reasons given for departure were invalid. The sentence was reversed and the cause remanded for re-sentencing. Everage v. State, 504 So.2d 1255 (Fla. 1st DCA 1986), review denied, 508 So.2d 13 (Fla.1987) (Everage I). Everage promptly sought discretionary review in the Florida Supreme Court. On January 27, 1987, while the petition for review was pending, the trial court convened a new sentencing hearing and resentenced Ever-age to 36 years based on the single departure reason which this court had ruled valid in Everage I. The case sub judice is an appeal from the January 27, 1987 resen-tencing.
The facts in the instant case are almost identical to those in Payne v. State, 493 So.2d 1104 (Fla. 1st DCA 1986) (Payne II). Payne was convicted and sentenced for armed robbery. He was initially sentenced to 21 years incarceration, with the court retaining jurisdiction for one third of the 21 year sentence. On appeal this court affirmed the conviction but reversed and remanded for resentencing because of the error in retaining jurisdiction. Payne v. State, 480 So.2d 202 (Fla. 1st DCA 1985), modified, 498 So.2d 413 (Fla.1987) {Payne I). Payne then filed a petition for review in the Florida Supreme Court and, while this petition was pending, the trial court proceeded with the resentencing mandated by this court in Payne I. Payne thereafter appealed the resentencing {Payne II). During the pendency of Payne II Payne sought a stay of the appeal pending the supreme court's resolution of his petition for review of Payne I. Upon realizing that the cause in Payne I was before the supreme court, this court ordered Payne to show cause why the appeal in Payne II should not be dismissed “as an appeal from an order entered in excess of the trial court’s jurisdiction.” 493 So.2d at 1104. Finding Payne’s response to the show cause order insufficient, this court dismissed Payne II and held that the trial court does not have jurisdiction to resen-tence a defendant whose case has been remanded by the district court but which is also pending before the Florida Supreme Court. In view of the decision of this court in Payne II, we reverse the 36 year sentence imposed on Everage in the instant case. The trial court lacked jurisdiction to impose the sentence while Everage’s petition for review of this court’s decision was pending in the supreme court.
Because our holdings herein and in Payne II are in direct conflict with the opinion of the Fifth District Court of Appeal in Vicknair v. State, 501 So.2d 755 (Fla. 5th DCA) review dismissed, 511 So.2d 299 (Fla.1987) we certify to the supreme court the following question:
DOES THE PENDENCY OF A PETITION FOR REVIEW IN THE FLORIDA SUPREME COURT DEPRIVE THE TRIAL COURT OF JURISDICTION TO RESENTENCE A DEFENDANT PURSUANT TO THE DISTRICT COURT’S MANDATE REVERSING AND REMANDING THE CAUSE FOR RESEN-TENCING?
REVERSED.
SHIVERS, J., concurs.
ZEHMER, J., concurs with written opinion.