530 So.2d 1066 (1988)
Darrial M. HALL, Appellant,
v.
STATE of Florida, Appellee.
No. 87-1764.
District Court of Appeal of Florida, First District.
September 8, 1988.
*1067 Michael E. Allen, Public Defender, Carl S. McGinnis, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Royall P. Terry, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Chief Judge.
Appellant Hall appeals sentences imposed after this court reversed and remanded prior sentences. Appellant raises three points on appeal, two of which we find meritorious.
First, appellant argues that the trial court lacked jurisdiction to resentence him inasmuch as he was seeking review by the Supreme Court of this court's order at the time of resentencing. Appellant also argues that his convictions for murder and possession of a firearm during a felony constitute double jeopardy. Finally, appellant argues that the reasons given for exceeding the recommended guideline range were impermissible.
As for the third point, we find no reason to consider this argument because we considered the propriety of the reasons for the guideline departure in the appellant's previous appeal. See, Hall v. State, 510 So.2d 979 (Fla. 1st DCA 1987).
We agree with the appellant that the trial court lacked jurisdiction to resentence him. In his initial appeal, the appellant argued that the reasons given for the departure from the guidelines were impermissible. We held that some of the reasons were indeed invalid, but found others to be valid. Because we could not determine whether the trial court would have imposed the same sentence absent the reasons held to be impermissible, we reversed and remanded for resentencing. The appellant filed a notice for discretionary review with the Supreme Court. After the filing of this notice but before the Supreme Court declined jurisdiction, the trial court resentenced the appellant. This was an error.
In Everage v. State, 516 So.2d 81 (Fla. 1st DCA 1987), the appellant appealed his sentence and several of the reasons given for guideline departure were found to be invalid. The sentence was accordingly reversed, and the cause was remanded for resentencing. The appellant in Everage sought discretionary review. Before the Supreme Court declined review, the appellant was resentenced. This court held that "a trial court does not have jurisdiction to resentence a defendant whose case has been remanded by the district court but which is also pending before the Florida Supreme Court." Id. at 82. See also, Payne v. State, 493 So.2d 1104 (Fla. 1st DCA 1986).
As noted, the facts of the instant case are identical and therefore, Everage commands that the appellant's sentence be vacated. That the trial court lacked jurisdiction to resentence the appellant is not the only troublesome point, for two of the convictions constitute double jeopardy. The appellant was convicted of second degree murder, a violation of section 782.04, possession of a firearm by a felon, a violation of section 790.23, and possession of a firearm during a felony, a violation of section 790.07. The appellant's conviction for murder was enhanced by operation of section 775.087 (possession or use of weapon or firearm during a felony) from a first degree felony to a life felony.
In Henderson v. State, 526 So.2d 743 (Fla. 3d DCA 1988), the district court held that convictions for second degree murder by use of a firearm and for possession of a *1068 firearm during a felony when that felony was the murder constituted double jeopardy. Likewise, in McKinnon v. State, 523 So.2d 1238 (Fla. 1st DCA 1988), this court held impermissible convictions for manslaughter and use of a weapon during the commission of a felony. See also, Burton v. State, 522 So.2d 88 (Fla. 5th DCA 1988).
There is no doubt that the appellant is being punished twice for using a firearm during the commission of a crime, and therefore, his conviction for possessing a firearm during the commission of a felony is reversed. The remaining convictions for second degree murder with a firearm and possession of a firearm by a felon are affirmed. However, since the present sentences for these offenses were rendered while the trial court lacked jurisdiction, these sentences are vacated and this cause is remanded for resentencing.
WENTWORTH and WIGGINTON, JJ., concur.