Darrial M. HALL, Petitioner-Appellant,

v.

Michael W. MOORE, Respondent-Appellee.

No. 98-3558.

United States Court of Appeals,

Eleventh Circuit.

June 6, 2001.

Appeal from the United States District Court for the Northern District of Florida. (No. 95-50221-5-CV-RH), Robert L. Hinkle, Judge.

Before DUBINA and KRAVITCH, Circuit Judges, and DUPLANTIER[*], District Judge.

DUBINA, Circuit Judge:

Appellant, Darrial M. Hall ("Hall"), appeals the district court's judgment denying his *pro se* petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. For the reasons that follow, we affirm in part and reverse in part.

## I. *BACKGROUND*

A Florida state court convicted Hall of second-degree murder with a firearm, possession of a firearm by a convicted felon, and use of a firearm during the commission of a felony. The trial court departed from the recommended sentencing guideline range and sentenced Hall to life in prison on the second-degree murder charge and to concurrent 15-year prison terms on the two remaining charges. Hall appealed his convictions and sentences, and the First District Court of Appeals ("FDCA") reversed Hall's sentences because it found that "at least" three out of the five reasons that the trial court identified for the departure were invalid. The FDCA found that it could not determine beyond a reasonable doubt whether the trial court would have upwardly departed based on the two remaining reasons. *See Hall v. State,* 510 So.2d 979 (Fla.Dist.Ct.App.1987). The FDCA remanded the case for re-sentencing. Hall filed for discretionary review in the Florida Supreme Court, and that court ultimately denied review. *See Hall v. State,* 519 So.2d 987 (Fla.1988).

While Hall's petition for review was pending in the Florida Supreme Court, the trial court re-sentenced Hall. The trial court entered an amended judgment and sentence in which it again sentenced Hall

---

[*]Honorable Adrian G. Duplantier, U.S. District Judge for the Eastern District of Louisiana, sitting by designation.

to life in prison for the second-degree murder charge and to concurrent 15-year prison terms for the remaining counts. For a second time the court departed from the sentencing guidelines, basing its departure on the two reasons the FDCA previously found to be valid. Hall again appealed to the FDCA, which found no reason to revisit his argument concerning the validity of the trial court's departure because the court had considered that argument in Hall's previous appeal. *See Hall v. State,* 530 So.2d 1066 (Fla.Dist.Ct.App.1988). The FDCA, however, did find merit in Hall's other arguments, stating that he was being punished twice for using a firearm during the commission of a crime. *Id.* at 1068. Therefore, the court reversed the conviction for use of a firearm during the commission of a felony. *Id.* The court affirmed the other two convictions, but vacated and remanded the case for re-sentencing because the trial court lacked jurisdiction when it rendered the sentences for these convictions. *Id.*

Once again the trial court re-sentenced Hall, but only on the charges of second-degree murder and possession of a firearm by a convicted felon. The trial court sentenced Hall to life imprisonment on the second-degree murder charge and to a concurrent 15-year prison term on the possession of a firearm by a convicted felon charge. Hall appealed his sentences, arguing in part that the trial court erred by sentencing him without the aid and assistance of counsel, in violation of the Sixth and Fourteenth Amendments to the United States Constitution. The FDCA issued a per curiam affirmance without written opinion. *See Hall v. State,* 578 So.2d 1104 (Fla.Dist.Ct.App.1991).

Hall then filed a Florida Rule 3.850 petition for post-conviction relief in which he argued that he was denied the effective assistance of counsel, that the prosecution withheld favorable evidence, and that the absence of counsel at his re-sentencing violated his Sixth Amendment right. The trial court denied the petition, finding that Hall did not show the necessary prejudice for his ineffective assistance of counsel claim under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The trial court also found that Hall's claim that he was sentenced without counsel was procedurally barred because the issue was decided on direct appeal. The FDCA affirmed the denial of Hall's Rule 3.850 motion.

Hall then filed the present petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that his attorney was ineffective for failing to investigate and present evidence, that the prosecution withheld some form of physical evidence, and that the absence of counsel at his re-sentencing violated his Sixth Amendment right. The State responded by arguing that Hall's ineffective assistance of counsel claim did not meet the strictures of *Strickland,* that Hall did not demonstrate that the prosecution withheld material

evidence, and that Hall had no right to counsel at re-sentencing because it was merely a ministerial act by the court. A magistrate judge issued a report and recommendation, denying Hall relief. The district court adopted the magistrate judge's report and denied the petition. Hall then perfected this appeal.

## II. *ISSUES*

1. Whether the absence of counsel at Hall's re-sentencing violated his Sixth Amendment right to counsel.

2. Whether Hall's counsel rendered ineffective assistance because he failed to investigate and present certain physical evidence.

3. Whether the prosecution withheld favorable evidence, in violation of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

## III. *STANDARD OF REVIEW*

"In reviewing the district court's denial of a habeas corpus petition we review the court's findings of fact for clear error and questions of law *de novo."* *Hurley v. Moore,* 233 F.3d 1295, 1297 (11th Cir.2000), *cert. denied,* --- U.S. ----, 121 S.Ct. 1746, --- L.Ed.2d---- (2001).

## IV. *DISCUSSION*

After a thorough review of the record, and after having the benefit of oral argument, as well as reading the parties' briefs, we conclude that there is no merit to any of the arguments Hall presents in support of issues two and three. Accordingly, we affirm that part of the district court's judgment without further discussion.[1] Hall's contention that his due process rights were violated because he was not represented by counsel during his second re-sentencing hearing merits discussion.

Specifically, Hall takes issue with the district court's finding that the second re-sentencing was merely a "ministerial act" by the trial court. He posits that the transcripts of all three sentencing hearings reflect that he never had a full and fair opportunity to argue and present evidence in favor of any sentence less than life without parole. He notes that some of these transcripts were not available to the magistrate judge and the district court because the State omitted them in its response to Hall's habeas petition. More specifically, he argues that the trial court was under the mistaken impression that a life sentence was mandatory under the State's habitual offender law. Moreover, he contends that the State took active measures to transport him from state prison to the hearing, which is not necessary if the hearing is merely "ministerial." Further, the

---

[1]*See* 11th Cir. R. 36-1.

supplemental records demonstrate that Hall's trial counsel was available to represent him at the re-sentencing and his counsel believed that there were substantive arguments he could have made regarding Hall's re-sentencing.

Hall asserts facts which he alleges demonstrate that the re-sentencing was not merely "ministerial." First, the FDCA ruled that the 1987 sentencing was essentially void because the trial court lacked jurisdiction. Second, the FDCA vacated the entire sentencing package for a new sentencing hearing on the two remaining counts. Third, the trial court had full discretion to fashion a different sentence anywhere between 12 years and life without parole. Fourth, even the State noted the bizarre nature of Hall's 1989 re-sentencing hearing in its motion to relinquish jurisdiction. The State argued that Hall's re-sentencing should be done by a different judge and acknowledged that counsel could inform Hall which issues could be raised at re-sentencing. Finally, it is apparent that the trial court believed Hall was entitled to counsel due to the protracted discussion on the entitlement to counsel at the re-sentencing hearing.

This court has not addressed the specific issue presented here: whether the absence of counsel at a re-sentencing violates a petitioner's Sixth Amendment right. We have precedent, however, that lends guidance to a resolution of this issue. In *Golden v. Newsome,* 755 F.2d 1478 (11th Cir.1985), this court discussed the absence/presence of counsel at a sentencing proceeding. We stated:

> Obviously, where the precise sentence for a particular offense is mandatorily fixed by law such that its imposition is merely a ministerial ceremony, with no discretion to be exercised by the sentencing judge, the absence of counsel at such a proceeding could not *possibly* be prejudicial.

*Id.* at 1483 n. 9. (emphasis in original.) The court also commented that if the sentencing proceeding is more than ministerial, the presence of counsel is essential to guide the sentencing court in the exercise of its discretion. *Id.* "[T]he absence of counsel is therefore legally presumed to be prejudicial if the sentencing court had the legal authority to impose a more lenient sentence than it actually did." *Id.* The Supreme Court has also noted that the total denial of counsel at a critical stage such as sentencing is presumptively prejudicial. *See United States v. Cronic,* 466 U.S. 648, 659, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). Moreover, the Florida appellate courts recognize that re-sentencing hearings are critical stages where the right to counsel attaches. *See Taylor v. State,* 745 So.2d 341, 342 (Fla.Dist.Ct.App.1999); *Griffin v. State,* 517 So.2d 669, 670 (Fla.1987).

This court has recognized that "when a criminal sentence is vacated [because one of the convictions has been reversed], it becomes void in its entirety; the sentence—including any enhancements—has 'been

wholly nullified and the slate wiped clean.' " *United States v. Stinson,* 97 F.3d 466, 469 (11th Cir.1996) (citations omitted). Consequently, when a sentence is vacated and remanded for re-sentencing, the district court has the discretion to "reconstruct the sentence." *Id.* That is the case here. It is clear from the record that the entire sentencing package was set aside. Therefore, Hall's presence and his counsel's presence were a necessity, not a "luxury." *Cronic,* 466 U.S. at 653, 104 S.Ct. 2039.

Furthermore, although a defendant may waive his Sixth Amendment right to the assistance of counsel at a critical stage and proceed *pro se,* the defendant "should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.' " *Faretta v. California,* 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) (citation omitted). A defendant who wishes to proceed in this manner must clearly and unequivocally assert his right to self-representation. The court must conduct a hearing to ensure that the defendant is fully aware of the dangers and disadvantages of proceeding without counsel. *See Raulerson v. Wainwright,* 732 F.2d 803, 808 (11th Cir.1984).

The trial court did not conduct a *Faretta* hearing before it sentenced Hall. The judge appeared to recognize the importance of the absence of Hall's counsel, but he did not question Hall to ensure that his choice to appear without counsel was made with "eyes open." *Faretta,* 422 U.S. at 835, 95 S.Ct. 2525. Moreover, Hall never clearly declared to the sentencing judge that he wanted to represent himself and that he did not want counsel's assistance. In light of Hall's failure to clearly and unequivocally assert his right to self-representation, there is a presumption of prejudice to Hall.

Based on the record before us, we conclude that Hall is entitled to relief on this claim. The FDCA vacated Hall's entire sentence and remanded the case for re-sentencing. On re-sentencing, the trial court's actions were not merely "ministerial." Indeed, the trial court had the discretion to sentence Hall at the lower end of the guideline range (12-17 years) or to depart from the guideline range and impose a life sentence. This was clearly a critical stage of the proceeding for Hall and the absence of counsel prejudiced his rights. Accordingly, we reverse this part of the district court's judgment and remand this case with directions that the writ be granted to the extent that Hall be given a new sentencing hearing with counsel present.

AFFIRMED in part, REVERSED in part, and REMANDED.