[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-12322
Non-Argument Calendar

_____

D.C. Docket No. 1:06-cr-20081-ASG-2


UNITED STATES OF AMERICA,


Plaintiff-Appellee,


versus


JUAN MANUEL BERNAL PALACIOS,


Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 8, 2013)

Before TJOFLAT, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Juan Manuel Bernal Palacios appeals following his conviction and sentencing on multiple felony counts.  Palacios was originally convicted and sentenced in 2008.  He subsequently filed a 28 U.S.C. § 2255 motion for ineffective assistance of counsel, as his appointed attorney did not file a timely appeal as he requested.  The district court denied relief, and Palacios appealed.  In 2011, this court vacated and directed the district court to follow the procedure set forth in *United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000) for out-of-time appeals, and enter a new judgment with the same total sentence, advising Palacios of his appellate rights and deadlines.  In 2012, and without a hearing, the district court entered a new judgment, identical to the first judgment save for the date of entry, and reimposed the same total sentence.  Palacios now appeals, arguing that his guilty plea was involuntary, and that the total 135-month sentence reimposed by the district court in 2012 was procedurally infirm, since neither he nor his attorney were present.  Upon review of the record and consideration of the parties' briefs, we affirm.

## I. Acceptance of Guilty Plea

Palacios argues that the district court should not have accepted his guilty plea in 2007, as his denial of the knowledge required for money laundering and refusal to accept the government's proffer at the plea colloquy undermined the factual basis for the plea.  He contends that the district court also failed to make

2

factual findings as to whether or not his admitted conduct was sufficient to satisfy the statutory elements for money laundering under 18 U.S.C. § 1956, and the government did not object to the court's acceptance of the plea even in light of Palacios's denial of knowledge.  He maintains that his admissions did not include the knowledge statutorily required for the indicted offenses.  Therefore, he concludes that had he known prior to sentencing that knowledge was a required element of money laundering, he would not have pleaded guilty, and therefore the district court's error affected his substantial rights.

When a defendant fails to make an objection, and raises an issue for the first time on appeal, we will only review it for plain error.  *United States v. Thayer*, 204 F.3d 1352, 1356 (11th Cir. 2000) (per curiam).  There must be an error that is plain and that affects substantial rights, and it is within our discretion to correct a forfeited error when it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.  *Id.* (alteration in original) (internal quotation marks omitted).  The defendant bears the burden of persuasion.  *United States v. Hernandez-Fraire*, 208 F.3d 945, 949 (11th Cir. 2000).

"A district court accepting a plea must determine whether the conduct which the defendant admits constitutes the offense . . . to which the defendant has pleaded guilty."  *United States v. DePace*, 120 F.3d 233, 238 (11th Cir. 1997) (internal quotation marks omitted).  The court must have been presented with sufficient

3

evidence from which it could reasonably find that the defendant was guilty. *Id.* There is a strong presumption that a defendant's statements during a plea colloquy are true. *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). When seeking reversal on plain error review under Rule 11, the defendant must demonstrate that, but for the error, he would not have entered the plea, and "that the probability of a different result is sufficient to undermine confidence in the outcome of the proceeding." *United States v. Dominguez Benitez*, 542 U.S. 74, 83, 124 S. Ct. 2333, 2340 (2004) (internal quotation marks omitted).

Here, Palacios failed to object before the district court on the grounds stated in his appeal, namely that his plea failed to establish the required knowledge for money laundering. As such, we review the issue for plain error. *Thayer*, 204 F.3d at 1356. Contrary to Palacios's contention, not only did he fail to object to the contents of the government's proffer, but he also explicitly stated that the conduct and knowledge ascribed to him in the proffer were accurate. Further, the district court made specific findings of fact as to the adequacy of the evidence presented, the satisfaction of the government's burden in demonstrating each element of the charged offenses, and the correspondence of the conduct and knowledge admitted by Palacios in his plea to the offenses charged. The district court thus satisfied its duties to safeguard the defendant from entering into a plea unknowingly or involuntarily. *DePace*, 120 F.3d at 238.

4

The record does not support an argument that Palacios was lying, misled, confused, or ambiguous in making this statement, and the court operates under the presumption that the sworn defendant is telling the truth during a plea colloquy. *Medlock*, 12 F.3d at 187. Palacios's claim that he explicitly denied having the statutorily required knowledge during the plea colloquy is refuted by the record. Thus, the district court had no reason to question the sufficiency of the evidence presented on Palacios's conduct or knowledge, as he did not dispute the government's element-by-element rundown in the proffer. *See DePace*, 120 F.3d at 238. As such, there is no error evident in the sentencing court's acceptance of Palacios's plea. *See Thayer*, 204 F.3d at 1356. Without an error, there can be no plain error affecting Palacios's substantial right and no resultant degradation of the integrity or reputation of the judicial system. *Id.* Consequently, Palacios has not demonstrated any Rule 11 error but for which he would not have entered his plea, and accordingly his argument fails. *Dominguez Benitez*, 542 U.S. at 83, 124 S. Ct. at 2340.

## II. Palacios's Fifth and Sixth Amendment Claims

Palacios next argues that the district court's failure to appoint counsel for his resentencing hearing violated his Sixth Amendment and statutory rights to counsel, and denied him the opportunity to present new evidence for consideration under 18 U.S.C. § 3553(a). He also contends that he was denied his Fifth and Sixth

5

Amendments rights to be present at his resentencing hearing, as he was resentenced *in absentia*.  He further argues that the resentencing procedure also contravened a recent Supreme Court decision, *Pepper v. United States*, 131 S. Ct. 1229 (2011), as it denied him the ability to present evidence of his post-sentencing rehabilitation for consideration.

When an out-of-time appeal is granted in a § 2255 proceeding, the criminal judgment must be vacated, the same sentence reimposed, and, upon reimposition of the sentence, the defendant must be notified of both the rights associated with making an appeal and the timing required to file an appeal.  *Phillips*, 225 F.3d at 1201.  The purpose of the *Phillips* out-of-time appeal remedy is to restore the defendant to the same position that he would have been in had his lawyer filed a timely appeal on his behalf.  *McIver v. United States*, 307 F.3d 1327, 1331 (11th Cir. 2002).

A defendant has the right to be present for sentencing, under both the Federal Rules of Criminal Procedure and the Due Process Clause, but that right does not extend to every instance of judicial action modifying a sentence.  *See United States v. Parrish*, 427 F.3d 1345, 1347–48 (11th Cir. 2005) (per curiam).  The Federal Rules establish the right to be present at sentencing in order to afford the defendant an opportunity to challenge the accuracy and reliability of information used by the judge in imposing a sentence and to present mitigating

6

evidence, while the due process right is triggered when the defendant's presence would contribute to the fairness of a proceeding critical to the outcome of the overall case. *Id.* Failure to hold a resentencing hearing, when under a *Phillips* mandate to impose the same sentence originally imposed, is not an automatic violation of the right to be present for sentencing. *Id.*

When a resentencing is purely a ministerial act, with no discretion given to the sentencing judge, the absence of counsel is not prejudicial. *Hall v. Moore*, 253 F.3d 624, 627 (11th Cir. 2001). When the sentencing act is more than ministerial, meaning the sentencing judge has discretion to impose a different sentence than that previously imposed, the absence of counsel is presumptively prejudicial. *Id.* at 627–28.

When a defendant's sentence has been set aside on appeal and the case remanded to the district court for resentencing, the sentencing court may consider evidence of the defendant's post-sentencing rehabilitation that may, in certain circumstances, warrant a downward variance. *Pepper*, 131 S. Ct. at 1241. District courts may still be subject to a more limited remand following an appeal, such that evidence of post-sentencing rehabilitation is not relevant for resentencing. *Id.* at 1249 n.17 ("Nor do we mean to preclude courts of appeals from issuing limited remand orders, in appropriate cases, that may render evidence of postsentencing rehabilitation irrelevant in light of the narrow purposes of the remand

7

proceeding."). When acting under an appellate court's mandate, the district court is bound to act in strict accordance with that mandate, unless the presentation of new evidence or an intervening change in the controlling law dictates a different result, or the appellate decision is clearly erroneous and acting upon it would result in manifest injustice. *Litman v. Mass. Mut. Life Ins. Co.*, 825 F.2d 1506, 1510 (11th Cir. 1987).

In this case, even if we assume *arguendo* that Palacios's sentencing challenge is properly before us,[1] we conclude that the district court did not contravene Supreme Court precedent when it resentenced Palacios without a hearing. Palacios's 2008 total sentence was vacated and the case remanded following his § 2255 motion, based on ineffective assistance of counsel in making an appeal. Contrary to Palacios's claim, however, there was no hearing held from which he or his attorney was absent. The sentencing court was given no discretion by the remand order, as it was required to reimpose the same exact total sentence in accord with the *Phillips* out-of-time appeal procedure, and therefore the amended judgment was a ministerial act rather than a proceeding where the absence of counsel is presumptively prejudicial. *Hall*, 253 F.3d at 627–28.

---

[1] We note that Palacios's plea agreement contained a sentence appeal waiver, which the district court explained during the plea colloquy, and none of the exceptions set forth therein apply. *United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006).

Moreover, Palacios's total sentence was not subject to modification, as the district court was bound to comply with strict orders upon remand to impose the same sentence of 135 months. *Litman*, 825 F.2d at 1510. Without any discretion in sentencing, the district court would not have been able to consider reducing or increasing his sentence. *See Parrish*, 427 F.3d at 1349. Additionally, as the resentencing was not ordered to fix or correct an unlawful sentence but was rather to reset the clock for filing an appeal by entering a new judgment identical to the first but for the effective date, there were no new questions of fairness for the district court to consider on due process grounds. *Id.* at 1347–48; *see also McIver*, 307 F.3d at 1331. The record does not show that Palacios's rights to be present for sentencing or for counsel to be present at such a proceeding were violated when the district court, without a hearing, abided by this court's mandate and entered a new judgment reimposing Palacios's original sentence.

Finally, the district court did not contravene *Pepper* when it resentenced Palacios without a hearing. As the Supreme Court stated in *Pepper*, appellate courts can still issue limited remand orders that render consideration of postsentencing rehabilitation moot. 131 S. Ct. at 1249 n.17. *Pepper* did not create an absolute right to have a hearing upon resentencing in order to consider evidence on postsentencing rehabilitation, but rather struck down a prohibitive bar on district courts from considering such evidence when a resentencing hearing is held.

9

*Id.* at 1241.  Notably, Palacios's remanded case is distinguishable from *Pepper* by the fact that the repeated de novo resentencing hearings for the defendant in *Pepper* were ordered to fix errors and that the judges had considerable discretion in imposing a new sentence.  By contrast, the appellate mandate remanding Palacios's criminal judgment left no discretion for the district court to change anything other than the date of entry for the judgment.  In accordance with *Phillips* and in obedience to the appellate mandate, the district court operated under a limited remand because the only permissible change to the sentence was the date of entry. *Phillips*, 225 F.3d at 1201; *Pepper*, 131 S. Ct. at 1249 n.17.

In sum, even if Palacios's sentencing challenge is not barred by his sentence appeal waiver, it is still meritless.  As such, we conclude that the district court did not violate Palacios's constitutional and statutory rights to be present for sentencing and have counsel at sentencing hearings.  We therefore affirm.

**AFFIRMED.**